**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50098 |
| Plaintiff - Appellee, | |
| v. | D.C. No. 2:12-cr-00182-RGK-1 |
| SCHWATZE ROBLES-AMARO, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted June 3, 2014
Pasadena, California

Before: GOULD and N.R. SMITH, Circuit Judges, and ENGLAND, Chief District
Judge.[**]

I.

On January 22, 2012, United States Border Patrol Agent, Nicolas Gonzalez,

stopped Jose Dominguez, believing he had reasonable suspicion to conduct the

vehicle stop. Though the car was registered to Schwatze Robles, Dominguez

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The Honorable Morrison C. England, Jr., Chief District Judge for the
U.S. District Court for the Eastern District of California, sitting by designation.

consented to a search of the car. After a drug dog alert, Agent Gonzalez discovered a hidden compartment in the car (though empty). Agent Gonzalez did not detain Dominguez.

On February 17, 2012, Agents Ginno Gallina and Daniel Alvarado stopped the same car again. They alleged their stop was justified by reasonable suspicion, which included knowledge of the hidden compartment. This time, Robles (to whom the car was registered) was the driver.

## II.

Assuming, without deciding, that Robles has standing to challenge Agent Gonzalez's stop of Dominguez, her constitutional rights were not violated by that stop. *See United States v. Washington*, 969 F.2d 752, 755 (9th Cir. 1992) ("We may affirm 'on any basis supported by the record even if the district court did not rely on that basis.'"). Considering the totality of the circumstances, and deferring to the inferences drawn by Agent Gonzalez on the scene, the stop of Dominguez was constitutional, because Agent Gonzalez had reasonable suspicion to conduct the brief investigatory stop. *See United States v. Valdes-Vega*, 738 F.3d 1074, 1077 (9th Cir. 2013) (en banc). Dominguez, a male traveling alone, was (1) driving southbound on I-15 towards Mexico, a known drug trafficking corridor; (2) operating a clean, white-colored car with Mexican plates and one key on the key

ring; and (3) leaning to his right while driving, in an apparent attempt to conceal the use of a phone. Further, (4) Dominguez never looked in the agent's direction, even though he drove alongside him for two or three miles. In Agent Gonzalez's experience, these facts were consistent with drug smuggling. (5) Data associated with the license plate also showed (a) five border crossings within the past month and thirty-one border crossings by Robles, the car's registered owner, within the past six months; (b) the car had passed through a known drug-smuggling port two days earlier; and (c) the vehicle had been tagged with a medium risk crossing identifier, which Agent Gonzalez interpreted to indicate some risk of criminality. "[T]aken together," these facts were sufficient to "warrant further investigation." *Id.* at 1078 (internal quotation marks and alteration omitted).

### III.

Considering the totality of the circumstances, and deferring to the inferences drawn by the border patrol agents on the scene and the district court, the subsequent stop of Robles was also constitutional, because the agents had reasonable suspicion to conduct the brief investigatory stop. *See id.* at 1077. Robles was (1) operating a car with a known hidden compartment to which a drug dog had alerted about three weeks earlier; (2) driving in a known drug smuggling area; and (3) traveling with a young child, which the experienced agents saw as an attempt at

"window dressing" to minimize suspicion. In addition, (4) the car had crossed the border only minutes earlier and regularly in recent weeks; (5) Robles engaged in numerous lane changes after agents began trailing her car; and (6) Robles seemed nervous as she glanced at the agents while driving. Under the standard articulated in *Valdes-Vega*, these facts, "taken together, . . . warrant[ed] further investigation." *Id.* at 1077-78 (internal quotation marks and alteration omitted).[1]

**AFFIRMED**.

---

[1] Robles's motion to file a corrected Volume II of her Excerpts of Record is GRANTED.